IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **CHARLES RAY HILL,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv00018 |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | ) | |
| Defendant | ) | BY: PAMELA MEADE SARGENT |
| | ) | United States Magistrate Judge |

*I. Background and Standard of Review*

Plaintiff, Charles Ray Hill, filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), determining that he was not eligible for disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq.* (West 2003 & Supp. 2011). Jurisdiction of this court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as

"evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Hill protectively filed his applications for DIB[1] and SSI on May 23, 2007, alleging disability as of April 14, 2006,[2] due to back, neck, shoulder, liver, right foot tendon and nerve problems. (Record, ("R."), at 13, 136-38, 167, 178-79.)[3] The claims were denied initially and on reconsideration. (R. at 83-87, 90-93, 96-97, 98-100, 102-04, 105-06, 108-09.) Hill then requested a hearing before an administrative law judge, ("ALJ"). (R. at 110-11.) The hearing was held on June 16, 2009, at which Hill was represented by counsel. (R. at 26-60.)

By decision dated July 9, 2009, the ALJ denied Hill's claims. (R. at 13-25.) The ALJ found that Hill met the nondisability insured status requirements of the Act for DIB purposes through December 31, 2007. (R. at 17.) The ALJ also found that Hill had not engaged in substantial gainful activity since April 14, 2006, the amended alleged onset date. (R. at 17.) The ALJ determined that the medical

---

[1] Hill's DIB application is not contained in the record.

[2] Hill originally alleged disability beginning November 15, 2003, but amended his onset date at his hearing. (R. at 136.)

[3] Hill previously had filed claims for DIB and SSI, and these claims were denied by an opinion issued April 13, 2006. (R. at 13.)

evidence established that Hill had severe impairments, namely degenerative disc disease, right shoulder injury and right Achilles rupture, but he found that Hill's impairments did not meet or medically equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 17-18.) The ALJ also found that Hill had the residual functional capacity to perform light[4] work that did not require climbing, operation of foot controls with the right lower extremity, more than occasional pushing/pulling with the upper extremities, more than occasional reaching with the right upper extremity or concentrated exposure to hazards. (R. at 18-24.) Therefore, the ALJ found that Hill was unable to perform his past relevant work. (R. at 24.) Given Hill's age, education, work experience and residual functional capacity and the testimony of a vocational expert, the ALJ found that other jobs existed in significant numbers in the national economy that he could perform, including a job as a shirt folder machine operator, a rental clerk and an assembler. (R. at 24-25.) Thus, the ALJ found that Hill was not under a disability as defined under the Act and was not eligible for benefits. (R. at 25.) *See* 20 C.F.R. §§ 404.1520(g), 416.920(g) (2011).

After the ALJ issued his decision, Hill pursued his administrative appeals, (R. at 7-9), but the Appeals Council denied his request for review. (R. at 1-4.) Hill then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481 (2011). The case is before this court on Hill's motion for summary judgment filed September 28, 2011, and the Commissioner's motion for summary judgment filed

---

[4] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If an individual can do light work, he also can do sedentary work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (2011).

October 27, 2011.

The Commissioner uses a five-step process in evaluating SSI and DIB claims. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011); *see also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to his past relevant work; and 5) if not, whether he can perform other work. *See* 20 C.F.R. §§ 404.1520, 416.920. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. §§ 404.1250(a), 416.920(a) (2011).

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must then establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. *See* 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B) (West 2003, West 2011 & Supp. 2011); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); *Hall*, 658 F.2d at 264-65; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980).

Hill argues that the ALJ erred by failing to find that he suffered from a severe mental impairment. (Plaintiff's Brief In Support Of Motion For Summary

Judgment, ("Plaintiff's Brief"), at 9-15.) Hill also argues that the ALJ erred by rejecting Dr. Tochev's opinion regarding his physical limitations. (Plaintiff's Brief at 15-17.)

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. The court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided his decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. From the court's review of the record in this case, it is evident that the ALJ erred by failing to address all the psychological evidence in the record and by failing to indicate the weight given to such evidence. Specifically, the ALJ's opinion incorrectly states that Hill did not begin treatment with psychiatrist Dr. Uzma Ehtesham, M.D., a psychiatrist, until after December 31, 2007, Hill's last insured date. (R. at 23.) To the contrary, the record before the court shows that Hill treated with Dr. Ehtesham from September 17, 2004, through September 18, 2005. (R. at 336-50.) The ALJ's opinion makes no mention of Dr. Ehtesham's records from this treatment period. It is well-settled that, in determining whether substantial evidence supports the ALJ's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co.*, 131 F.3d at 439-40. "[T]he [Commissioner] must indicate explicitly that all relevant evidence has been weighed and its weight." *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). "The courts … face a difficult task in applying the substantial evidence test when the [Commissioner] has not considered all relevant evidence. Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the

weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977) (quoting *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974)).

It also is important to note that the Social Security regulations define a "nonsevere" impairment as an impairment or combination of impairments that does not significantly limit a claimant's ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521(a), 416.921(a) (2011). Basic work-related mental activities include understanding, remembering and carrying out job instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 404.1521(a), 416.921(a). The Fourth Circuit held in *Evans v. Heckler*, that "'"[a]n impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."'" 734 F.2d 1012, 1014 (4th Cir. 1984) (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (citations omitted). Although the Social Security regulations do not define the term "significant," this court previously has held that it must give the word its commonly accepted meanings, among which are, "having a meaning" and "deserving to be considered." *Townsend v. Heckler*, 581 F. Supp. 157, 159 (W.D. Va. 1983). In *Townsend*, the court also noted that the antonym of "significant" is "meaningless." *See* 581 F. Supp. at 159.

Case 2:11-cv-00018-JPJ-PMS   Document 18   Filed 04/09/12   Page 6 of 8   Pageid#: 550

It is for all of these reasons that I find that the ALJ erred by failing to analyze all of the relevant psychological evidence and state the weight given to it, thereby precluding the court's ability to determine whether the ALJ's decision that Hill did not suffer from a severe mental impairment is supported by substantial evidence. Based on this finding, there is no need to address Hill's other argument.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Substantial evidence does not exist to support the Commissioner's finding that Hill did not suffer from a severe mental impairment; and

3. Substantial evidence does not exist to support the Commissioner's finding that Hill was not disabled under the Act and was not entitled to DIB or SSI benefits.

## RECOMMENDED DISPOSITION

The undersigned recommends that the court deny Hill's and the Commissioner's motions for summary judgment, vacate the final decision of the Commissioner denying benefits and remand the case to the Commissioner for further development in accordance with this Report and Recommendation.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2011):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: April 9, 2012.

s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE